**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| In re: | Case No. 25-13380-djb |
|---|---|
| Victoria's Kitchen LLC, | Chapter 11 |
| Debtor. | |

### Debtor's Motion for Order Directing Credit Card Processors and Food Ordering Platforms to Honor Contracts Pending Assumption or Rejection

**AND NOW**, Debtor Victoria's Kitchen LLC, through its proposed attorney, moves this Court for entry of an order directing its credit card processors and food ordering platforms to honor their contracts pending assumption or rejection under 11 U.S.C. §§ 365 and 105(a). In support of this Motion, the Debtor states as follows:

#### Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(O) and the Debtor consents to the entry of a final order by this Court.

3. Venue is proper under 28 U.S.C. § 1409.

#### Background

4. The Debtor initiated this case on August 26, 2025, by petitioning for relief under Subchapter V of Chapter 11.

5. Since the petition date, the Debtor has remained in possession of its assets and is operating its business as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

6. A description of the Debtor's business and the facts precipitating the filing of this Chapter 11 case is set forth in the declaration of the Debtor's principal that was filed with the Court on August 26, 2025, at ECF No. 4. Those facts, to the extent relevant, are incorporated herein by reference.

7. The Debtor operates a restaurant and relies on credit card transactions and third-party online ordering platforms as a primary portion of its revenue stream.

8. The Debtor has existing agreements (the "Processing Agreement" and the "Service Agreements") with Square and Toast (the "Processors") to process credit and debit card transactions and BentoBox, ChowNow, DoorDash, Grubhub, and Uber Eats (the "Service Providers") to facilitate customer orders.

9. Under these agreements, the Processors and Service Providers process payments, facilitate customer orders, and deposit the proceeds, less applicable fees, into the Debtor's designated bank account.

10. Any disruption of these services would deprive the Debtor of necessary cash flow and access to customer orders essential to its continued operations, which would be detrimental to the bankruptcy estate and the Debtor's ability to successfully reorganize.

### Relief Requested

11. The Debtor seeks an order directing the Processors and Service Providers to continue performing under the Processing Agreement and Service Agreements until the Debtor assumes or rejects the contracts pursuant to 11 U.S.C. § 365.

### Grounds for Relief

12. Under 11 U.S.C. § 365(a), a debtor-in-possession may assume or reject an executory contract, subject to court approval.

13. The Debtor is not in default under the Processing Agreement or Service Agreements and requires uninterrupted services to ensure the continued viability of its operations and reorganization efforts.

**NOW, THEREFORE**, the Debtor requests that the Court grant relief in the form of order attached, and further in its favor if necessary and proper under the law.

Date: August 26, 2025

**SADEK LAW OFFICES LLC**
*Proposed Attorney for Debtor*

By: /s/ Michael I. Assad
    Michael I. Assad (#330937)
    1500 JFK Blvd., Suite 220
    Philadelphia, PA 19102
    215-545-0008
    michael@sadeklaw.com