**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| In re:<br><br>Victoria's Kitchen LLC,<br>Debtor. | Case No. 25-13380-djb<br><br>Chapter 11 |

### Debtor's Motion to Authorize Payment of Critical Vendor Claims

**AND NOW**, Debtor Victoria's Kitchen LLC, through its proposed attorney, moves this Court for entry of an order authorizing payment of certain prepetition claims held by critical vendors. In support of this Motion, the Debtor states as follows:

### Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b) and the Debtor consents to the entry of a final order by this Court.

3. Venue is proper under 28 U.S.C. § 1409.

### Background

4. The Debtor initiated this case on August 26, 2025, by petitioning for relief under Subchapter V of Chapter 11.

5. Since the petition date, the Debtor has remained in possession of its assets and is operating its business as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

6. A description of the Debtor's business and the facts precipitating the filing of this Chapter 11 case is set forth in the declaration of the Debtor's principal that was filed with the Court on August 26, 2025, at ECF No. 4. Those facts, to the extent relevant, are incorporated herein by reference.

**GROUNDS FOR RELIEF**

7. The Debtor depends on a group of specialty vendors that supply essential goods needed for daily operations (the "Critical Vendors"). The continued support of these vendors is central to the Debtor's ability to operate and reorganize. Even short-term interruptions in service at this stage would harm the Debtor's business and compromise the value of its estate.

8. To avoid that outcome, the Debtor requests authority to pay the prepetition claims of the Critical Vendors.

9. After review, the Debtor's management has identified Crest Paper Products, Foods Galore, and Sysco Food Corporation as Critical Vendors. Each provides goods or services that are key to the Debtor's operation and cannot be substituted.

10. As of the petition date, the Debtor estimates that it owes about $25,000 to the Critical Vendors. Most of these obligations reflect standard trade terms and do not require immediate payment. The Debtor expects to satisfy them using available cash and ordinary-course revenue, without straining liquidity.

11. If the Critical Vendors stop performing, the Debtor will face an immediate loss of revenue and a serious risk to its reorganization. In some cases,

these vendors may refuse to continue without partial or full payment of prepetition claims, or they may lack the financial capacity to perform without it.

12.    Accordingly, the Debtor requests authority to pay the prepetition, fixed, liquidated, and undisputed claims of the Critical Vendors, in the ordinary course of business and in the Debtor's discretion and business judgment.

**NOW, THEREFORE**, the Debtor requests that the Court grant relief in the form of order attached, and further in its favor if necessary and proper under the law.

Date: August 27, 2025

**SADEK LAW OFFICES LLC**
*Proposed Attorney for Debtor*

By: /s/ Michael I. Assad
    Michael I. Assad (#330937)
    1500 JFK Blvd., Suite 220
    Philadelphia, PA 19102
    215-545-0008
    michael@sadeklaw.com