𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔅𝔞𝔫𝔨𝔯𝔲𝔭𝔱𝔠𝔶 ℭ𝔬𝔲𝔯𝔱<br/>
𝔈𝔞𝔰𝔱𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔓𝔢𝔫𝔫𝔰𝔶𝔩𝔳𝔞𝔫𝔦𝔞

| | |
|---|---|
| In re:<br/>　　Victoria's Kitchen LLC,<br/>　　　　　　Debtor. | Case No. 25-13380-djb<br/>Chapter 11 |

### Debtor's Motion to Authorize Continued Use of Business Forms and Credit Card

**AND NOW**, Debtor Victoria's Kitchen LLC, through its proposed attorney, moves this Court for entry of an order authorizing it to continue to use its business forms and credit card. In support of this Motion, the Debtor states as follows:

### Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2) and the Debtor consents to the entry of a final order by this Court.

3. Venue is proper under 28 U.S.C. § 1409.

### Background

4. The Debtor initiated this case on August 26, 2025, by petitioning for relief under Subchapter V of Chapter 11.

5. Since the petition date, the Debtor has remained in possession of its assets and is operating its business as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

6. A description of the Debtor's business and the facts precipitating the filing of this Chapter 11 case is set forth in the declaration of the Debtor's principal that was filed with the Court on August 26, 2025, at ECF No. 4. Those facts, to the extent relevant, are incorporated herein by reference.

### REQUEST FOR RELIEF

**I.    Continued Use of Business Forms**

7. In the ordinary course of business, maintains pre-printed correspondence and business forms, including, but not limited to, letterhead, envelopes, promotional materials, internal administrative forms and other business forms (collectively, along with the Debtor's checks, the "Business Forms"). To minimize administrative expense and delay, the Debtor requests authority to continue to use its Business Forms substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtor's "Debtor-In-Possession" status.

**II.    Continued Use of Credit Cards**

8. The Debtor has four Credit Cards – one with American Express, two with Capital One, and one with JP Morgan Chase. The Debtor plans to discontinue its use of and to terminate the Capital One and Chase cards after the Petition Date, leaving only one the American Express card in operation. The Debtor intends to pay the balance on the American Express card in full each month.

9. The immediate access to credit that the American Express card offers is critically important to the Debtor due to the nature of its business

operations. As a restaurant, the Debtor must regularly purchase perishable food items, beverages, and other supplies on short notice to meet customer demand and maintain menu offerings.

10. The ability to use the American Express card ensures that the Debtor can secure necessary inventory quickly, respond to fluctuating supply costs, and avoid interruptions in service. In addition, the Credit Card provides a convenient and centralized method of payment for recurring business expenses such as small equipment, maintenance services, and employee travel, thereby supporting the smooth and continuous operation of the restaurant.

**NOW, THEREFORE**, the Debtor requests that the Court grant relief in the form of order attached, and further in its favor if necessary and proper under the law.

Date: August 27, 2025                **SADEK LAW OFFICES LLC**
                                     *Proposed Attorney for Debtor*

                                     By: /s/ Michael I. Assad
                                         Michael I. Assad (#330937)
                                         1500 JFK Blvd., Suite 220
                                         Philadelphia, PA 19102
                                         215-545-0008
                                         michael@sadeklaw.com