# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>Victoria's Kitchen LLC,<br><br>Debtor. | Case No. 25-13380-djb<br><br>Chapter 11 |

**Emergency Interim Consent Order
Authorizing Debtor's Use of Existing PNC Bank Accounts**

**AND NOW**, this cause coming before the Court upon request of Debtor Victoria's Kitchen LLC; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing, in light of the facts, that sections 105, 345, 363, 553, 1107, 1108, and 521(a) of title 11 of the United States Code provide bases for granting the requested relief; and the Court understanding that PNC Bank, National Association (the "Bank") has consented to this form of order; it is hereby **ORDERED** that:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Debtor is granted authority to: (a) continue using its existing bank accounts ("Bank Accounts") and cash management system, as well as its current stock of checks, correspondence, and business forms without reference to the debtor's status as debtor-in-possession and (b) pay any ordinary course bank fees incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and perform their obligations under the documents and arrangements governing the Bank Accounts.

3. The Bank shall immediately rename the Bank Accounts as "Debtor in Possession" accounts with the Petition Date and the bankruptcy case number included on the account title.

4. Those agreements existing between the Debtor and the Bank shall continue to govern the post-petition banking relationship between the Debtor and the Bank and all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, collateral, and offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank (including, for the avoidance of doubt, any rights of Bank to use funds from the Bank Accounts to remedy any overdraft of

        another Bank Account or other cash management obligations, whether prepetition or post-petition, to the extent permitted under the applicable agreement), unless the Debtor and Bank agree otherwise, and any other legal rights and remedies afforded to Bank under applicable law shall be preserved.

5. The Bank is authorized, but not directed, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession without interruption and in the ordinary course and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, and other electronic transfers of any kind issued and drawn on the Bank Account after the Petition Date by the holders or makers thereof, as the case may be (including the completion of any such transaction commenced on or before the Petition Date but not completed until on or after the Petition Date).

6. In the course of providing cash management services to the Debtor, Bank is authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, whether arising prepetition or post-petition, from the appropriate accounts of the Debtor, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

7. Notwithstanding any other provision of this Order, the Bank shall not be deemed to be nor shall be liable to the Debtor or it estate or otherwise be in violation of this Order if Bank honors a prepetition check or other item drawn on any account that is the subject of this Order: (a) at the direction of the Debtor, (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of customary item handling procedures.  Without limiting the foregoing, Bank may assume that any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Order unless otherwise specifically otherwise advised by the Debtor in writing, and Bank shall not have any liability to any party for relying on representations by the Debtor as provided for herein.

8. The Bank, and other banks and financial institutions as applicable, are authorized to receive, process, honor, and pay any and all checks, wire

        transfer, credit card, and ACH payments and other instructions, as well as drafts payable through, or drawn or directed on, such bank accounts after the petition date, by holders, makers, or other parties entitled to issue instructions with respect thereto.

9. To the extent any of the Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until September 12, 2025, without prejudice to seek an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines

10. This order is effective immediately and expires on September 12, 2025.

        Derek J. Baker
        U.S. Bankruptcy Judge

We consent to the form and entry of this order.

/s/ Michael I. Assad
Michael I. Assad
*Proposed Attorney for Debtor*

/s/ Lisa Stauffer
Lisa Stauffer
*Attorney for PNC Bank, National Association*