IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------x
In re                                          :
                                               :     Chapter 11
        VICTORIA'S KITCHEN LLC                 :
                                               :     Case No. 25-13380(DJB)
                                               :
                        Debtor.                :
                                               :     Hearing Date: 9/9/2025 at 1pm
-------------------------------------------------------x
```

**THE CITY OF PHILADELPHIA'S OBJECTION TO DEBTOR'S MOTION FOR CONTINUATION OF UTILITY SERVICE AND DEEMING UTILITY <u>SERVICES ADEQUATELY ASSURED OF FUTURE PAYMENT</u>**

AND NOW, comes the City of Philadelphia (the "City"), by and through its Counsel, Pamela Elchert Thurmond, Senior Attorney, to object to the Debtor's Motion for Continuation of Utility Service and Deeming Utility Services Adequately Assured of Future Payment (the "Utilities Motion")(D.I. 8).  The City avers the following in support thereof:

1. On August 26, 2025, the Debtor filed a voluntary petition for Chapter 11 bankruptcy with this Court.

2. On September 3, 2025, the Debtor filed the Utilities Motion seeking to restrain the City's ability to shut-off water/sewer services at unspecified locations as the Utilities Motion does not identify the service addresses or the relevant account numbers. [D.I. 8].

3. The Debtor's First Day Declaration identifies three properties, presumingly leased by the Debtor, in the City of Philadelphia:

   a. 7304 Ogontz Avenue ("the center of its customer-facing operations");
   b. 2001 East Tulpehocken Street (Debtor's business office); and,

    c. 5070 Parkside Avenue (kitchen locations) (collectively referred to as "Philadelphia Properties").

Declaration at ¶ 7-9 [D.I. 4].

  4. The Debtor does not own the Philadelphia Properties.

  5. The Debtor has no water sewer accounts with the City and has no customer relationship with the City for the Philadelphia Properties.

  6. Rather, others whom the City assumes to be the Debtor's landlords, are the water account holders for the Philadelphia Properties as described in the chart below:

| Property Address | Water Account Holder |
|---|---|
| 7304 Ogontz Avenue | A & J Real Estate LLC |
| 2001 E Tulpehocken St | A & J Real Estate LLC |
| 5070 Parkside Avenue[1] | Control Data Corp. |

  7. Since the Debtor has no customer relationships with the City, it is not legally obligated to the City to pay the water/sewer bills and the City cannot look to the Debtor for payment of the water/sewer bills.

  8. The adequate assurance provisions contained in Section 366 of the Bankruptcy Code prohibits utility providers from discriminating against bankruptcy customers "solely on the basis of the commencement of" the bankruptcy case or "that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due."

---

[1] The Parkside property location is a large commercial space that is leased to multiple tenants. There appears to be only one water account for the entire parcel.

9. Courts have found Section 366 inapplicable where the debtor had no pre-petition relationship with the utility. See In re Gur-Meat, Inc., 657 B.R. 675, 681 (Bankr. D.P.R. 2024)(finding no bankruptcy violation when the utility account was in the name of the Debtor's principal and not the Debtor); In re Watson, 1997 WL 33475578, at *1 (Bankr. S.D. Ga. 1997)(holding §366 does not apply when the debtor had no previous relationship with the utility); In re Matthews, 24 B.R. 545 (Bankr. E.D. Pa. 1982)(finding § 366 inapplicable where the Debtor had no customer relationship as the account was in the name of his roommate); In re Thomas, 2025 WL 618050, at *2 (Bankr. S.D. Ga. 2025)(finding no stay violation where the electric service was terminated when the Debtor was not the customer).

10. Since the Debtor does not owe the City any water/sewer debt in connection with the Philadelphia Properties, the City should not be included in the Debtor's adequate assurance request and thus, the City requests that it be stricken from the Utilities Motion's order.[2]

WHEREFORE, the City respectfully requests that this Court DENY the Debtor's Utilities Motion as it relates to the City of Philadelphia.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: September 8, 2025    By:    /s/ Pamela Elchert Thurmond
PAMELA ELCHERT THURMOND
Senior Attorney
PA Attorney I.D. 202054

---

[2] If the Court does conclude that the City is subject to the Utilities Motion, the City objects to the Utilities Motion on the additional grounds that: 1) the Debtor's prior payment history alone is not adequate assurance under Section 366; and, 2) the proposed form of order is overly broad as paragraph 3 prohibits the City "from altering, refusing, or discontinuing service to the Debtor without the permission of this Court," which would prohibit shut-offs for purely post-petition debt and/or non-monetary violations which are outside the scope of Section 366.

              Attorney for the City of Philadelphia
              City of Philadelphia Law Department
              Municipal Services Building
              1401 JFK Boulevard, 5th Floor
              Philadelphia, PA  19102-1595
              215-686-0508 (phone)
              Email: Pamela.Thurmond@phila.gov