IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------x
In re                                          :
                                               :   Chapter 11
          VICTORIA'S KITCHEN LLC               :
                                               :   Case No. 25-13380
                    Debtor                     :
                                               :   Hearing Date: 1/20/26, 1:00pm
                                               :
-------------------------------------------------------x
```

### CITY OF PHILADELPHIA'S OBJECTION TO DEBTOR'S CHAPTER 11 SUBCHAPTER V PLAN OF REORGANIZATION

AND NOW, comes the City of Philadelphia, (the "City"), a priority and general unsecured creditor in the above-captioned case, by and through its Counsel, Pamela Elchert Thurmond, Senior Attorney, pursuant to Bankruptcy Code §1129, 1190 & 1191 to object to the Chapter 11 Subchapter V Plan of Reorganization ("Plan") filed by Victoria's Kitchen LLC (the "Debtor").

The City avers the following in support thereof:

**FACTUAL STATEMENT**

1. On August 26, 2025, the Debtor filed a voluntary petition for Chapter 11 bankruptcy with this Court.

2. On September 18, 2025, the City filed a tax claim amounting to $3,545.44 of which $3274.26 is due to the City for priority tax claims and $271.18 for a general unsecured claim.

3. In addition to the liquidated claim, the City has an unliquidated claim for Business Income & Receipts Tax & Net Profit Tax returns for period ending 12/31/24.

4. On December 9, 2025, the Debtor filed its proposed modified Plan.

**LEGAL ARGUMENT**

1

5. As noted above, the Debtor owes the City unliquidated pre-petition tax returns.

6. Until the unfiled tax returns are filed, the City's priority tax claim cannot be determined, and it cannot be determined whether the Plan is feasible.

8. In addition, the Debtor's Plan is inconsistent as to the treatment of the City's currently filed priority tax claim, which may increase when the missing tax returns are filed. Article 2(b) of the Plan states that priority tax claim will be paid in full on the Effective Date, but Exhibit C to the Plan states the City's priority tax claim will be paid over 84 months or 60 months (Exhibit C is also internally inconsistent about the treatment of the City's priority tax claim) instead of full payment on the Effective Date.

9. The City objects to the extent the priority tax payment is more five years from the Debtor's bankruptcy filing in violation of Section 1129(a)(9)(C)(ii).

10. Also, to the extent, the City's priority tax claim will not be paid in full on the Effective Date, the City requires the payment of post-petition interest at the higher of 4% or the rate given to the other tax authorities.

WHEREFORE, the City respectfully requests that this Honorable Court DENY the Debtor's request for confirmation of the Plan.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: January 6, 2026      By:    */s/ Pamela Elchert Thurmond*
PAMELA ELCHERT THURMOND
Senior Attorney
PA Attorney I.D. 202054
Attorney for the City of Philadelphia
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0508 (phone)

Email: Pamela.Thurmond@phila.gov