## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Victoria's Kitchen LLC,

Debtor.

Case No. 25-13380-djb

Chapter 11 (Subchapter V)

### Objection of Equity Security Holder Victoria Tyson to Sadek Law Offices LLC's Motion to Withdraw as Attorney for Debtor.

**AND NOW**, Equity Security Holder Victoria Tyson (the "Objector") hereby objects to the Motion to Withdraw as Attorney for Debtor Victoria's Kitchen LLC filed by Sadek Law Offices LLC, and states as follows:

1.    The Debtor filed this case under subchapter V of chapter 11 of the Bankruptcy Code on August 26, 2025.

2.    The Objector is an individual, an equity security holder of the Debtor, and the Debtor's managing member.

3.    A declaration in support of this Objection is attached as Exhibit A and is incorporated by reference as if fully set forth herein.

Date: 4·8·2026

Victoria Tyson

FILED
APR 8 2026
CLERK OF COURT
DEP. CLERK
BY

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Victoria's Kitchen LLC,<br><br>                                    *Debtor.* | Case No. 25-13380-djb<br>Chapter 11 (Subchapter V) |

### Certificate of Service

I certify that on this date I did cause a true and correct copy of the documents described below to be served on ~~the parties listed on the mailing list exhibit, a copy of which is attached and incorporated as if fully set forth herein, by the means indicated and~~ to all parties registered with the Clerk to receive electronic notice via the CM/ECF system:

- Objection of Equity Security Holder Victoria Tyson to Sadek Law Offices LLC's Motion to Withdraw as Attorney for Debtor.

- Declaration in Support of Objection of Equity Security Holder Victoria Tyson to Sadek Law Offices LLC's Motion to Withdraw as Attorney for Debtor

I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: 4-8-2026

Victoria Tyson

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Victoria's Kitchen LLC,<br><br>                                    *Debtor.* | Case No. 25-13380-djb<br>Chapter 11 (Subchapter V) |

**Exhibit A**

**Declaration in Support of Objection of Equity Security Holder Victoria Tyson to Sadek Law Offices LLC's Motion to Withdraw as Attorney for Debtor.**

I, Michael I. Assad, hereby declare as follows:

1.      I make this declaration in support of Equity Security Holder Victoria Tyson's objection to Sadek Law Offices LLC's motion to withdraw as attorney for the Debtor.

2.      I have personal knowledge of all facts stated herein.

3.      If called to testify, my testimony would be consistent with the content of this declaration.

4.      I was admitted to practice before this Court on October 18, 2021, and have represented between five hundred and one thousand debtors.

5.      Those debtors were primarily individuals.

6.      I have successfully prosecuted confirmation of two plans under subchapter V of chapter 11 for non-individual debtors.

7.      I served as a member of this Court's rules committee from 2024 to 2025, have lectured on bankruptcy matters for the Pennsylvania Bar Institute, served as a circuit leader for the National Association of Consumer Bankruptcy Attorneys from 2024 to 2026,

and will be consumer education chair of the Eastern District of Pennsylvania Bankruptcy Conference from 2026 to 2028.

8. I was employed by Cibik Law P.C. as an associate attorney at all times between October 18, 2021, and August 30, 2024.

9. I was employed by Sadek Law as an associate attorney at all times between September 9, 2024, and March 3, 2026.

10. On March 3, 2026, my employment with Sadek Law was terminated, and I am no longer affiliated with the firm in any capacity.

11. While employed at Sadek Law, I was the primary attorney assigned to the above-captioned case and personally handled all matters in the case during that period.

12. As of March 3, 2026, Sadek Law employed two attorneys admitted to practice before this Court, other than myself, and three paraprofessionals regularly assigned to matters before this Court.

13. Based on my review of the Court's CM/ECF system on April 7, 2026, Sadek Law filed approximately six thousand bankruptcy cases in this Court between January 1, 2006, and December 31, 2025, about five hundred of which were filed between January 1, 2025, and December 31, 2025.

14. Although Sadek Law represented debtors under chapters 7 and 13 in most of those cases, it also represented many non-individual debtors under chapter 7.

15. Based on my personal involvement in this case and my review of the case's docket on April 7, 2026, the work remaining for the Debtor's attorney consists of serving the first amended plan, soliciting votes, and making minor amendments to address an

2

objection by the City of Philadelphia and an anticipated objection by the Commonwealth of Pennsylvania.

16.    In my opinion, those tasks do not require expertise, knowledge, or skill beyond what an attorney regularly representing consumers in bankruptcy would possess.

17.    In my opinion, Sadek Law could competently represent the Debtor through confirmation of the plan in this case without neglecting its obligations to its other clients.

18.    That judgment is based on my personal knowledge of the firm's workload, its internal processes, and the capabilities of its attorneys, paraprofessionals, and staff.

19.    In my opinion, allowing Sadek Law to withdraw as attorney for the Debtor would be prejudicial to the Debtor, its bankruptcy estate, and its creditors.

20.    Sadek Law's withdrawal would require the Debtor to retain and compensate a new attorney, which would result in unnecessary administrative expense to the estate and unreasonable delay in distributions to creditors.

21.    I declare under penalty of perjury that the above is true and correct to the best of my knowledge, information, and belief.

Date:  04/07/2026

Michael I. Assad

3