

**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

In re:

    Victoria's Kitchen LLC,

              Debtor.

Case No. 25-13380-djb

Chapter 11

**Debtor's Application to Employ the Law Office of Mike Assad P.C. as Debtor's Attorney**

**AND NOW**, Debtor Victoria's Kitchen LLC, through its managing member, applies for entry of an order authorizing the Debtor to employ the Law Office of Mike Assad P.C. (the "Proposed Attorney") as its attorney in this bankruptcy case.

## I.  Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. The Debtor consents to the entry of a final order by the Court.

4. Venue is proper under 28 U.S.C. § 1409.

## II.  Background

5. The Debtor initiated this case on August 26, 2025, by petitioning for relief under Subchapter V of Chapter 11.

6. Since the petition date, the Debtor has remained in possession of its assets and is operating its business as a debtor-in-possession under 11 U.S.C. §§ 1107–1108.

7.     A description of the Debtor's business and the facts precipitating this case is set forth in the declaration of the Debtor's principal that was filed with the Court on August 26, 2025, at ECF No. 4. Those facts, to the extent relevant, are incorporated herein by reference.

8.     Upon application by the Debtor, the Court authorized the Debtor to employ Sadek Law Offices LLC (the "Outgoing Attorney") as its attorney in this bankruptcy case on September 10, 2025.

9.     On March 19, 2026, the Outgoing Attorney filed a motion to withdraw as the Debtor's attorney that was void of a legal basis for and admissible evidence in support of the relief requested.

10.     Since then, the Outgoing Attorney has been willfully derelict of its professional, contractual, and Court-appointed obligations to the Debtor by failing to prosecute confirmation of the First Amended Plan and assist the Debtor with preparation of the monthly operating reports due on March 21, 2026, and April 21, 2026.

## III.     Relief Requested

11.     Given the circumstances, the Debtor requires a new attorney.

12.     The Debtor wishes to retain the Proposed Attorney as its general bankruptcy counsel in this matter to perform the following legal services:

    a.     advise the Debtor of its rights, powers, and duties as a debtor-in-possession in continuing to operate and manage its assets;

    b.     advise the Debtor concerning, and assisting in the negotiation and documentation of cash collateral and debtor-in-possession financing, debt restructuring and related transactions;

    c.     review the nature and validity of agreements relating to the Debtor's business and advise the Debtor in connection with them;

d.   review the nature and validity of liens, if any, asserted against the Debtor and advise as to the enforceability of such liens;

e.   advise the Debtor concerning the actions it might take to collect and recover property for the benefit of its estate;

f.   prepare on the Debtor's behalf all necessary and appropriate applications, motions, pleadings, orders, notices, petitions, schedules, and other documents, and review all financial and other reports to be filed in this case;

g.   advise the Debtor concerning, and preparing responses to, applications, motions, pleadings, notices and other papers which may be filed in this case; Counsel the Debtor in connection with formulation, negotiation and promulgation of a plan of reorganization and related documents; and

h.   perform all other legal services for and on behalf of the Debtor which may be necessary or appropriate in the administration of this case.

13.   The Debtor has selected the Proposed Attorney because of its experience in Chapter 11 Subchapter V proceedings and in other areas of law applicable to this case.

14.   The Debtor believes that the Proposed Attorney is duly qualified to represent it in this case and that its services are necessary and essential to the Debtor's performance of its duties as a debtor-in-possession.

15.   A Verified Statement of the Proposed Attorney's principal describing the relationship that the Proposed Attorney has with creditors of the Debtor and other interested parties is attached Exhibit A and is incorporated herein by reference.

16.   As shown in the Verified Statement, the Proposed Attorney does not hold or represent any interest adverse to the Debtor or its creditors and is a disinterested person within the meaning of 11 U.S.C. § 101(14).

17.   An engagement letter describing the terms of the proposed representation is attached as Exhibit B and is incorporated herein by reference.

**FOR THOSE REASONS,** the Court must grant relief in the form of order attached, and

further in the Debtor's favor if necessary and proper under the law.


Date: April 22, 2026                                     **VICTORIA'S KITCHEN LLC**
                                                          *Debtor*

                                                          By: /s/ Victoria A. Turner Tyson
                                                              Victoria A. Turner Tyson
                                                              Managing Member