

**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

In re:                                                   Case No. 25-13380-djb

      Victoria's Kitchen LLC,                    Chapter 11

                    Debtor.

**Debtor's Objection to United States Trustee's Motion to Dismiss Case or Convert to
Chapter 7 for Failure to File Operating Reports**

**AND NOW**, Debtor Victoria's Kitchen LLC, through its attorney, hereby objects to the

Motion to Dismiss Case or Convert to Chapter 7 for Failure to File Operating Reports filed by the

United States Trustee. In support of its opposition, the Debtor states as follows:

1.       "<u>Absent unusual circumstances</u>, the Bankruptcy Court shall convert or dismiss a

case for cause, taking into consideration the best interests of the creditors and the estate." MTD at

4 (emphasis altered) (internal quotation marks omitted).

2.       From the time this case was filed on August 26, 2025, until early March 2026, the

Debtor substantially complied with all of its duties under the Bankruptcy Code, including its

obligation to file monthly operating reports. The Debtor's failure to file the February, March, and

April 2026 operating reports is <u>unusual</u>.

3.       For much of March and April, the Debtor was practically unrepresented by its prior

attorney, an <u>unusual</u> circumstance that contributed to the Debtor's <u>unusual</u> failure to file operating

reports.

4.       The operating reports are nearly complete and ready for filing. The Debtor has

provided its attorney with nearly all of the documentation required to complete them, and they

have been partially completed. The Debtor's attorney is waiting for the Debtor to provide

statements for one of the Debtor's multiple bank accounts. It appears that the bank has closed one of the Debtor's accounts and restricted its ability to retrieve statements for it online, which is unusual.

5.      The Debtor anticipates filing all required operating reports before the hearing on this Motion.

6.      Most of the unusual circumstances here are beyond the Debtor's control. There is nothing to suggest that the Debtor has acted in bad faith or knowingly acted to delay the proceedings in this case. Given the lack of bad faith, it would be inappropriate for the Court to dismiss this case or convert it to chapter 7, which is the most consequential relief available under the Bankruptcy Code.

7.      Dismissal or conversion is especially inappropriate if the Debtor files the operating reports prior to the hearing, considering that the Debtor has filed a feasible plan that is close to confirmation.

8.      Much of the contrary authority cited by the UST compares apples to oranges. In those cases, the debtors had exhibited a pattern of noncompliance or misconduct throughout the case. In re Berkman, 2010 WL 891690 (Bankr. E.D. Pa. Mar. 10, 2010) (the debtor failed to file any operating reports because he was "very busy"); In re Kholyavka, 2008 WL 3887653 (Bankr. E.D. Pa. Aug. 20, 2008) (the debtor failed to "establish[] a reasonable likelihood that a plan w[ould] be confirmed within a reasonable time"); In re Alston, 2013 WL 6210249 (E.D. Pa. Nov. 27, 2013) (the debtor was a crook); In re Hoyle, 2013 WL 210254 (Bankr. D. Idaho Jan. 17, 2013) (the debtor lied often); In re Domiano, 442 B.R. 97 (Bankr. M.D. Pa. 2010) (the debtor filed late reports that were sloppy and incomplete); In re DRTMG, 667 B.R. 862, 876 (Bankr. S.D. Ohio 2025) (the

debtor filed late reports that were incomplete and materially false, the debtor retained professionals without court approval, and improperly borrowed funds); In re Babayoff, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (after several years the debtor failed to file a confirmable plan).

9.    Nothing of the sort can be said about the Debtor, so its failure to timely file the February, March, and April operating reports must be considered a cureable defect.

**FOR THOSE REASONS,** the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: May 26, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Debtor*

By: /s/ Michael I. Assad
    Michael I. Assad (#330937)
    923 Haddonfield Road, Suite 336
    Cherry Hill, NJ 08002
    609-808-3300
    mike@assad.law