United States Bankruptcy Court
Eastern District of Pennsylvania

In re:

Victoria's Kitchen LLC,

Debtor.

Case No. 25-13380-djb

Chapter 11 (Subchapter V)

**Debtor's Memorandum of Legal Authorities
in Support of Confirmation Under 11 U.S.C. § 1191(b)**

Debtor Victoria's Kitchen LLC submits this memorandum pursuant to of the Court's order of June 16, 2026 (Dkt. No. 208) in support of confirmation of its Third Amended Chapter 11 Subchapter V Plan of Reorganization, filed June 18, 2026 (Dkt. No. 210) (the "Plan").

**I.      Background**

The Debtor, which has operated the "Victoria's Kitchen" restaurant in Philadelphia since 2014, filed this subchapter V case on August 26, 2025. On June 18, 2026, the Debtor filed the Plan with a redline and served the Plan, the Court's June 16, 2026, order, and Official Form 314 ballots on all creditors and parties in interest, filing a certificate of service. By the July 14, 2026, deadline, no ballots were returned and no objections to confirmation were filed or renewed; none remain outstanding. The Debtor has filed a Report of Plan Voting. Because no impaired class (Classes 2 and 3) has accepted the Plan, § 1129(a)(8) is not satisfied, and the Debtor requests confirmation under § 1191(b).

**II.     The Plan Satisfies § 1190**

The Plan contains a brief history of the Debtor's business operations (Background section), a liquidation analysis (Exhibit A), and 60-month projections demonstrating the Debtor's ability to

make Plan payments (Exhibit B), and Article 6 commits the Debtor's future income to the Plan's execution, satisfying 11 U.S.C. § 1190(1) and (2).

### III.   The Applicable Requirements of § 1129(a) Are Met

Under § 1191(b), the Court shall confirm the Plan if all applicable requirements of § 1129(a) other than paragraphs (8), (10), and (15) are met and the Plan does not discriminate unfairly and is fair and equitable as to each impaired, non-accepting class. Each applicable requirement is met:

**(a)(1):** The Plan complies with §§ 1122 and 1123: each class contains only substantially similar claims or interests; the Plan designates its classes, specifies that Classes 1 and 4 are unimpaired and the treatment of impaired Classes 2 and 3 (Art. 2, Ex. C), treats all claims within each class identically, provides adequate means for implementation through continued operations funded by the Debtor's income with the Debtor as disbursing agent (Art. 6), prohibits nonvoting equity securities (Art. 8(i)), and does not alter the selection of the Debtor's management.

**(a)(2):** The Debtor solicited votes in the manner directed by the Court's order using Official Form 314 ballots; no disclosure statement was required, 11 U.S.C. § 1181(b).

**(a)(3):** The Plan was proposed in good faith and not by any means forbidden by law, to preserve the business as a going concern and pay creditors from future income.

**(a)(4):** All payments for services and expenses in connection with the case are subject to Court approval.

**(a)(5):** Victoria A. Turner Tyson, Managing Member, will continue to manage the Debtor, consistent with the interests of creditors and public policy; no insider receives compensation other than in the ordinary course.

**(a)(6):** Inapplicable; no rates are subject to regulatory approval.

**(a)(7):** Exhibit A shows the Debtor's assets at liquidation value ($374,481) would be fully consumed by secured recoveries in chapter 7, leaving nothing for unsecured creditors (claims of approximately $2,102,688); every class receives at least as much under the Plan.

**(a)(9):** Administrative claims will be paid timely (Art. 2(a)); § 507(a)(8) priority tax claims receive equal monthly cash installments over 48 months with 7% interest, ending within five years of the order for relief; and § 1930 fees are paid on or before the Effective Date (Art. 2(c)).

**(a)(11):** The Plan is feasible: Exhibit B projects monthly receipts of $237,120 (a 14% increase from the Debtor's demonstrated $208,000 monthly receipts, reflecting menu price adjustments implemented in late June 2026) and monthly disposable income of $34,462, which exceeds the required monthly Plan payments. See the accompanying declaration of Victoria A. Turner Tyson.

**(a)(12)–(16):** Section 1930 fees have been or will be paid on the Effective Date; the Debtor has no retiree benefit obligations; and paragraphs (14) through (16) are inapplicable because the Debtor is neither an individual nor a nonprofit entity.

## IV.   The Plan Does Not Discriminate Unfairly and Is Fair and Equitable (§ 1191(c))

The Plan does not discriminate unfairly: each class contains all claims of the same rank, treated identically, and no class of equal priority receives better treatment. As to Class 2, the Plan satisfies § 1129(b)(2)(A)(i), as required by § 1191(c)(1): each secured creditor retains its lien until its allowed secured claim is paid in full and receives deferred cash payments totaling that claim with interest (Class 2-A, $274,000.00 at 7% over 48 months; Class 2-B, $26,750.00 at 12% over 48

months; Class 2-C, $73,730.00 at 3.75% over 60 months), with any deficiency treated as a general unsecured claim.

The Plan satisfies § 1191(c)(2)(A): it applies all of the Debtor's projected disposable income ($34,462 per month, Ex. B) during the three-year period to Plan payments, with Class 3 receiving pro rata distributions of the net disposable income remaining after payments to administrative and secured creditors (Arts. 2(f), 6). It also satisfies § 1191(c)(3): the projections and the Debtor's demonstrated revenue establish a reasonable likelihood that the Debtor will make all Plan payments, and Article 7 provides appropriate remedies in the event of default.

## V. Conclusion

The Plan satisfies every applicable requirement under the Bankruptcy Code. The Debtor respectfully requests that the Court confirm the Plan under 11 U.S.C. § 1191(b).

Date: July 16, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Debtor*

By: /s/ Michael I. Assad
    Michael I. Assad (#330937)
    923 Haddonfield Road, Suite 336
    Cherry Hill, NJ 08002
    609-808-3300
    mike@assad.law