

**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

In re:                                                                Case No. 25-13380-djb

      Victoria's Kitchen LLC,                                      Chapter 11

                    Debtor.

**Order Confirming Chapter 11 Subchapter V Plan Under 11 U.S.C. § 1191(b)**

**AND NOW**, upon consideration of the plan filed by Debtor Victoria's Kitchen LLC, and the Court finding that all requirements for confirmation under 11 U.S.C. § 1191(b) have been satisfied and that a confirmation hearing has been held after notice, it is hereby **ORDERED** that:

1.      The Plan is **CONFIRMED** under 11 U.S.C. § 1191(b).

2.      The Debtor must file post-confirmation reporting (the "Reports") from the date of entry of this Order until the time of closing of the bankruptcy case. The Reports must comply with Local Bankr. R. 3021-1 and must include the small business post-confirmation report required by the Office of the United States Trustee, which is entitled "Office Of The United States Trustee - Region 3 Post-Confirmation Quarterly Summary Report." The Debtor shall file each Report on or before the 20th day after the end of each calendar quarter.

3.      No later than fourteen (14) days after the Plan's Effective Date, the Debtor shall file and serve a Notice of Effective Date.

4.      The Debtor shall make the payments required by the Plan in equal monthly installments as provided in Exhibit C to the Plan, beginning in the first full month after the Effective Date, as follows:

    a.      payments to Classes 1-A, 1-B, 2-A, and 2-B shall end in the 48th month, and payments on the priority tax claims shall in all events be completed by August 26, 2030;

    b.      payments to Class 2-C shall end in the 60th month; and

    c.      distributions to Class 3 shall be made as provided in the Plan, with the period under 11 U.S.C. § 1191(c)(2) fixed at three years beginning on the date the first payment is due.

5.      Notwithstanding any provision of the Plan:

    a.      The Debor shall serve as the disbursing agent and shall make all required Plan payments, during the life of the Plan.

b.    The Subchapter V Trustee shall not serve as disbursing agent under the Plan.

c.    The Subchapter V Trustee's appointment shall remain in place and extend post-confirmation.

d.    The Subchapter V Trustee's post-confirmation duties shall be limited to monitoring activities in the case to ensure payments under the confirmed Plan commence and continue.

e.    The Subchapter V Trustee shall file the Chapter 11 Subchapter V Trustee's Final Report and Account upon the Debtor's completion of payments.

6.    If the Debtor fails to make payment or perform any obligation under the Plan:

a.    the Debtor shall file a written notice of the default (the "Debtor Default Notice") electronically on the public docket; and

b.    any creditor or party in interest, including the Subchapter V Trustee may give written notice of the default (the "Non-Debtor Default Notice" and together with the Debtor Default Notice, a "Default Notice") and file a copy of the Non-Debtor Default Notice electronically on the public docket.

The Debtor shall have twenty-one (21) days from the issuance of a Default Notice (the "Notice Period") to cure all defaults and file a written notice that the Debtor has cured the defaults (the "Cure Notice") electronically on the public docket. If the Debtor fails to file the Cure Notice within the Notice Period, the Court shall enter an order converting the case to chapter 7 without further notice and hearing. The filing of a Cure Notice is without prejudice to the rights of parties in interest, including the Subchapter V Trustee, to assert that the Debtor has failed to cure the defaults and to seek remedies, including conversion, in connection therewith.

7.    The provisions of this order shall be binding notwithstanding any inconsistent provisions of the Plan.

Date:  **July 21, 2026**

_____
Derek J. Baker
U.S. Bankruptcy Judge

2