**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

By: Michael I. Assad (#330937)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Attorney for Debtor*

In re: Victoria's Kitchen LLC,

*Debtor*.

| | |
|---|---|
| Case No.: | 25-13380-djb |
| Chapter: | 11 (Subchapter V) |
| Judge: | Derek J. Baker |

**First and Final Application for Compensation and Reimbursement of Expenses of Law Office of Mike Assad, P.C., Counsel to the Debtor, for the Period May 4, 2026 through July 31, 2026**

Law Office of Mike Assad, P.C. ("Applicant"), counsel to the Debtor, Victoria's Kitchen LLC (the "Debtor"), in accordance with F.R.B.P. 2016 applies under § 330 of the Code for an award of compensation and reimbursement of actual, necessary expenses and represents:

**Part A — Preliminary Statement**

1. Applicant is counsel for the Debtor, employed under 11 U.S.C. §§ 327 and 1195 by order entered May 4, 2026 (Doc 176) (the "Retention Order"), on application filed April 22, 2026 (Doc 172). Applicant's disclosures of compensation under 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b) appear at Docs 172, 174, and 196.

2. All services rendered and expenses incurred for which compensation or reimbursement is requested were performed or incurred for or on behalf of the Debtor.

3. The services described in this Application are actual, necessary services and the compensation requested for those services is reasonable.

4. The expenses described in this Application are actual, necessary expenses.

5. Michael I. Assad, the principal of Applicant, has represented the Debtor since before the Petition Date, initially as an attorney with Sadek Law Offices, LLC ("Sadek"), whose employment as Debtor's counsel was approved September 10, 2025 (Doc 76). Mr. Assad left Sadek on March 3, 2026 and withdrew his appearance (Doc 157); Sadek's withdrawal was approved by consent order entered May 11, 2026 (Doc 190). No compensation is sought for any service rendered before entry of the Retention Order, and no compensation is sought for services rendered by Sadek.

6. Applicant charged the hourly rates stated in its written engagement agreement with the Debtor: $475 per hour for attorney services and $250 per hour for paralegal-level services. Applicant's principal performed all services as sole timekeeper, assigning each task a rate according to the nature of the task rather than the identity of the person performing it, so that work of the kind ordinarily performed by a paralegal is billed at the paralegal-level rate. Assad Decl. ¶¶ 5–6.

7. Compensation is governed by 11 U.S.C. § 330(a), applying the lodestar approach of *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 849, 856 (3d Cir. 1994), and the factors of § 330(a)(3), each of which is supported in the record: the time spent is recorded contemporaneously in tenths of an hour, one task per entry (Ex. A; Assad Decl. ¶ 4); the rates are those agreed with the Debtor and charged to all of Applicant's clients for comparable services (Assad Decl. ¶ 5); the services were necessary and beneficial when rendered, as each entry identifies the filing, hearing, or analysis it supported (Ex. A); the time is commensurate with the complexity of a subchapter V case involving successive plan amendments, confirmation objections

from three taxing authorities, and a contested dismissal motion (Ex. A); counsel is experienced in the field (Assad Decl. ¶¶ 2–3); and the rates are those disclosed in Applicant's application to employ and approved by the Retention Order (Docs 172, 176).

8. Applicant exercised billing judgment. No time is charged for e-filing, preparation of certificates of service, service of documents, calendaring, transmittal correspondence, routine scheduling calls, or review of routine notices, all of which are treated as overhead. Because a single timekeeper performed every service, the Application contains no time for intra-office conferences, duplicated effort, or supervision. Assad Decl. ¶¶ 7–8.

9. The services produced direct and demonstrable benefit to the estate: the Debtor cured its reporting delinquencies and resolved the United States Trustee's motion to dismiss or convert by stipulation (Docs 199, 201); maintained authorized use of cash collateral without interruption (Doc 191); resolved or narrowed the confirmation objections of the City of Philadelphia, the Department of Revenue, and the Department of Labor & Industry through successive plan amendments; and obtained confirmation of the Third Amended Plan (Doc 210) under 11 U.S.C. § 1191(b) on July 21, 2026 (Docs 228, 229).

10. Under the engagement approved by the Retention Order, the Debtor was authorized to pay Applicant a retainer of $5,000.00 to be held in trust; the Debtor never made that payment. On May 5, 2026, Sadek Law Offices LLC paid Applicant a retainer of $5,000.00 for the Debtor's benefit, which was deposited into Applicant's attorney trust account, where it remains pending further order of the Court, as disclosed in Applicant's supplemental disclosure of compensation (Doc 196). Applicant has received no other payment of any kind for services rendered in this case. No agreement or understanding exists between Applicant and any other

person for the sharing of compensation, except as permitted among members of Applicant under 11 U.S.C. § 504(b).

11. If the Court contemplates any reduction of the requested compensation, Applicant respectfully requests notice of the specific entries and grounds at issue and an opportunity to be heard before any reduction is made. *Busy Beaver*, 19 F.3d at 846–48.

**Part B — General Information**

**1. Period: May 4, 2026 to July 31, 2026**

Final Application: ☒ Interim Application: ☐

| **Requested** | |
|---|---|
| Fees | $14,405.00 |
| Expenses | $325.22 |
| Total | $14,730.22 |

**2. General Information**

a. Date case filed: 08/26/2025

b. Date application to approve employment filed: 04/22/2026 (Doc 172)

c. Date employment approved: 05/04/2026 (Doc 176)

d. First date services rendered in the case by Applicant: 05/04/2026

e. Compensation request is under § 330: ☒ Yes ☐ No

f. Any fees awarded will be paid from the estate: ☒ Yes ☐ No

g. This application is for a period less than 120 days after the filing of the case or less than 120 days after the end of the period of the last application: ☐ Yes ☒ No

**3. Prior Applications**

None. This is Applicant's first and final application for compensation in this case.

**4. Attorneys' Billing for Current Period**

| Name | Admitted | Hours | Billing Rate | Total |
|---|---|---|---|---|
| Michael I. Assad | 2021 | 29.80 | $475.00 | $14,155.00 |
| Grand Total | | | | $14,155.00 |

**5. Paralegals' Billing for Current Period**

| Name | Hours | Billing Rate | Total |
|---|---|---|---|
| Michael I. Assad* | 1.00 | $250.00 | $250.00 |
| Grand Total | | | $250.00 |

* Applicant employs no paralegal; its principal billed at the $250 paralegal-level rate all work of the kind ordinarily performed by a paralegal. Assad Decl. ¶ 6.

**6. Billing Rates**

a. Are any of the billing rates different than the billing rates set forth in your last application? Not applicable — this is Applicant's first application.

**Part C — Billing Summary**

**1. Description of Services.** The services rendered in each category are described below; the results obtained are set forth in Part A ¶ 9.

**Category A — Case Reassumption & Docket Review.** Upon entry of the Retention Order, Applicant analyzed the docket activity that had accrued after Mr. Assad's March 3, 2026 withdrawal — including the City of Philadelphia's objection to the First Amended Plan (Doc 163), the orders rescheduling the confirmation hearing (Docs 159, 170, 171), the expiration of the Fourth Interim Cash Collateral Order (Doc 151), and the accrued operating-report delinquencies — to identify every deadline and open matter requiring action, and drafted the consent order resolving predecessor counsel's motion to withdraw (Docs 188, 190).

**Category B — Plan Amendments & Confirmation.** Applicant drafted and filed the Second Amended Plan with redline (Doc 177) responding to the City of Philadelphia's objection; responded to the United States Trustee's comments on that plan; analyzed and negotiated the objections of the Pennsylvania Department of Labor & Industry (Doc 202) and Department of Revenue (Doc 203) with counsel for those agencies; attended the June 16, 2026 confirmation hearing (Doc 207); drafted and filed the Third Amended Plan with redline (Doc 210); prepared the reports of plan voting (Docs 205, 222), the memorandum in support of confirmation (Doc 223),

the proposed confirmation order and revised proposed confirming order with redline (Docs 224, 227), and the supporting declaration of the Debtor's principal (Doc 225); and attended the July 21, 2026 confirmation hearing, at which the Court confirmed the Third Amended Plan under 11 U.S.C. § 1191(b) (Docs 228, 229).

**Category C — Cash Collateral.** Applicant drafted and negotiated the Fifth Interim Consent Order authorizing use of cash collateral with counsel for the U.S. Small Business Administration (Doc 185), entered May 12, 2026 (Doc 191), maintaining the Debtor's uninterrupted operations through July 31, 2026.

**Category D — United States Trustee's Motion to Dismiss or Convert.** Applicant responded to the United States Trustee's motion to dismiss or convert the case for failure to file operating reports (Doc 182), filing an objection (Doc 197) and negotiating a stipulation (Docs 199, 201) that resolved the motion, established deadlines for the delinquent reports, and preserved the Debtor's reorganization; the hearing on the motion was cancelled as moot (Doc 218).

**Category E — Reporting, Schedules & Disclosures.** Applicant brought the Debtor current on its reporting obligations, preparing and filing the February through May 2026 monthly operating reports (Docs 214–217) in compliance with the stipulation, the June 2026 report (Doc 226), Amended Schedule A/B (Doc 213), and the supplemental disclosure of compensation (Doc 196).

**Category F — Fee Application.** Applicant prepared this Application and its exhibits.

**2. Detail of Hours Expended.** An itemized statement of services, organized chronologically by category and showing for each entry the date, rate class, UTBMS (LEDES) task and activity codes, activity, and time expended in tenths of an hour, is attached as Exhibit A. Applicant's sole timekeeper performed every service.

**Part D — Expense Summary**

Applicant seeks reimbursement of $325.22 in actual, necessary expenses for printing and postage incurred in serving the Second Amended Plan (Doc 189) and the Third Amended Plan (Doc 211) on creditors and parties in interest. Each expense is itemized in Exhibit A with its UTBMS expense code and method of calculation: printing at Applicant's in-house actual cost of $0.25 per page, and postage at the actual amount charged by the United States Postal Service.

**NOW, THEREFORE,** Applicant requests an award of **$14,405.00** in compensation and of **$325.22** in reimbursement of actual, necessary expenses.

Date: September 21, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law