United States Bankruptcy Court
Eastern District of Pennsylvania

By: Michael I. Assad (#330937)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Attorney for Debtor*

In re: Victoria's Kitchen LLC,

*Debtor*.

| | |
|---|---|
| Case No.: | 25-13380-djb |
| Chapter: | 11 (Subchapter V) |
| Hearing Date: | November 17, 2026 |
| Judge: | Derek J. Baker |

**Debtor's Motion to Dismiss Chapter 11 Case**

**AND NOW**, Debtor Victoria's Kitchen LLC, through its attorney, moves under 11 U.S.C. §§ 305(a)(1) and 1112(b) and Fed. R. Bankr. P. 1017(a) for an order dismissing this chapter 11 case, substantially in the form attached.

## I. Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Debtor consents to the entry of a final order by this Court.

3. Venue is proper under 28 U.S.C. § 1409.

## II. Background

4. The Debtor initiated this case on August 26, 2025, by petitioning for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. Holly Smith Miller was appointed as the Subchapter V Trustee.

5. A description of the Debtor's business and the facts precipitating the filing of this case is set forth in the declaration of the Debtor's managing member filed with the Court on August 26, 2025, at ECF No. 4 (the "First Day Decl.").

6. The Debtor's assets and liabilities at confirmation are described in her declaration filed on July 17, 2026, at ECF No. 225 (the "Confirmation Decl."). The facts supporting dismissal are set forth in her declaration filed on October 23, 2026, at ECF No. 235-1 (the "Tyson Decl."). The facts in all three declarations, to the extent relevant, are incorporated herein by reference.

7. By order entered July 21, 2026, at ECF No. 229 (the "Confirmation Order"), the Court confirmed the Debtor's Third Amended Chapter 11 Subchapter V Plan (the "Plan") under 11 U.S.C. § 1191(b).

8. On October 2, 2026, the Subchapter V Trustee filed a notice of default under paragraph 6 of the Confirmation Order at ECF No. 232.

## III. Relief requested

9. The Debtor requests entry of an order dismissing this chapter 11 case.

## IV. Argument

10. On request of a party in interest, and after notice and a hearing, the Court shall convert or dismiss a chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. § 1112(b)(1).

11. Section 1112(b)(4) lists what cause "includes," and under the Bankruptcy Code "includes" is not limiting. 11 U.S.C. § 102(3).

12. Cause exists because this case no longer serves a reorganizational purpose. The Pennsylvania Department of Revenue (the "Department") is the Debtor's largest creditor, and the

Debtor filed this case so that it could keep operating while it repaid the unpaid sales and use tax it owes the Department. Tyson Decl. ¶¶ 5–6; First Day Decl. ¶¶ 14–18.

13. Under a negotiated guilty plea, the Court of Common Pleas has sentenced the Debtor's managing member to seven years of probation and ordered her to pay $320,793.50 in restitution. She will pay the restitution to the Department with an initial payment of $100,000, followed by $4,000 per month until it is paid in full. Tyson Decl. ¶ 9. The Department will therefore be paid a substantial amount outside of this case.

14. If this case is dismissed, the Debtor will pay its other creditors in the ordinary course. Tyson Decl. ¶ 10. The Debtor no longer needs the protection of chapter 11 to avoid irreparable harm to its business.

15. Dismissal is in the best interests of creditors and the estate because the Debtor can better deal with its debts under nonbankruptcy law.

16. Conversion would leave nothing for unsecured creditors. The Debtor's assets are worth approximately $374,481, far less than the secured claims of the Department, the Commonwealth of Pennsylvania Department of Labor & Industry, Office of Unemployment Compensation Tax Services, and the U.S. Small Business Administration. Tyson Decl. ¶ 13; Confirmation Decl. ¶¶ 6–7.

17. A chapter 7 liquidation would also cost the Debtor's 20 employees their jobs. Tyson Decl. ¶¶ 4, 12.

18. Dismissal also will not prejudice the Subchapter V Trustee. The Debtor has paid in full the $10,980.00 in compensation the Court allowed to the Subchapter V Trustee, so the

Subchapter V Trustee has no unpaid claim that would require this case to remain open or be converted. Tyson Decl. ¶ 11; ECF No. 220.

19. Alternatively, the Court may dismiss this case under 11 U.S.C. § 305(a)(1), which permits the Court, after notice and a hearing, to dismiss a case at any time if "the interests of creditors and the debtor would be better served by such dismissal." That section does not require a showing of cause. For the reasons stated above, both the Debtor's creditors and the Debtor would be better served by dismissal.

## V. Conclusion

**FOR THOSE REASONS,** the Debtor requests entry of the proposed order dismissing this chapter 11 case. Dismissal is in the best interests of the Debtor's creditors and the estate.

Date: October 23, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad