United States Bankruptcy Court
Eastern District of Pennsylvania

By: Michael I. Assad (#330937)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Attorney for Debtor*

In re: Victoria's Kitchen LLC,

*Debtor*.

| | |
|---|---|
| Case No.: | 25-13380-djb |
| Chapter: | 11 (Subchapter V) |
| Judge: | Derek J. Baker |

**Declaration of Victoria A. Turner Tyson**
**in Support of Debtor's Motion to Dismiss Chapter 11 Case**

I, Victoria A. Turner Tyson, declare as follows:

1. I am the Managing Member of Victoria's Kitchen LLC, the debtor in this case (the "Debtor"). I founded the Debtor's business, I hold 60% of its membership interests, and I have managed its day-to-day operations at all times, including throughout this case.

2. I make this declaration from my personal knowledge in support of the Debtor's motion to dismiss this case (the "Motion").

3. If called as a witness, I could and would testify competently to the matters stated below.

4. Since 2014, the Debtor has operated a food service business in Philadelphia under the name "Victoria's Kitchen," offering catering, take-out, delivery, and food truck services. The Debtor continues to operate and employs 20 people.

5. The Debtor's largest creditor is the Pennsylvania Department of Revenue (the "Department"), to which it owes unpaid sales and use tax. As I explained in my declaration filed with the petition at ECF No. 4, that debt arose from deficient accounting controls that failed to capture and remit the tax on time. On December 19, 2024, my husband and I were each charged with criminal offenses arising from the Debtor's failure to remit the tax.

6. The Debtor filed this case on August 26, 2025, so that it could keep operating while it repaid the tax through a chapter 11 plan.

7. The Debtor's Third Amended Chapter 11 Subchapter V Plan (the "Plan"), which the Court confirmed on July 21, 2026, depended on the Debtor raising its menu prices to bring them in line with its food costs. As I explained in my declaration in support of confirmation at ECF No. 225, the Debtor projected that the price adjustments would raise its monthly gross receipts by 14%.

8. The Debtor's revenue has not increased as much as it had hoped, and its costs have continued to rise. As a result, the Debtor has not made the Plan payments that were to begin in September 2026.

9. On September 30, 2026, I entered a negotiated guilty plea in Commonwealth v. Victoria Tyson, No. CP-51-CR-0008682-2024, in the Court of Common Pleas of Philadelphia County. On October 2, 2026, that court sentenced me to seven years of probation and ordered me to pay restitution of $320,793.50. Under the plea agreement, I will pay that restitution to the Department with an initial payment of $100,000, followed by payments of $4,000 per month until the restitution is paid in full.

10. If this case is dismissed, the Debtor will continue operating and pay its other creditors in the ordinary course.

11. The Debtor has paid in full the $10,980.00 in compensation the Court allowed to the Subchapter V Trustee by order entered July 9, 2026, at ECF No. 220.

12. If the Debtor's business were instead liquidated, its 20 employees would lose their jobs.

13. As I stated in my declaration at ECF No. 225, the Debtor's assets are worth approximately $374,481, which is far less than the secured claims of the Department, the Commonwealth of Pennsylvania Department of Labor & Industry, Office of Unemployment Compensation Tax Services, and the U.S. Small Business Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 23, 2026

/s/ Victoria A. Turner Tyson
Victoria A. Turner Tyson